The plaintiffs contended that the defendants A. J. Hester, (371) Louis Hester, John Hester, W. S. Adcock and J. S. Cunningham and others were partners at the time of the creation of the debts sued on and liable therefor. The defendants denied the copartnership and the indebtedness. On the trial much evidence was offered, and the jury found the following special verdict:
The jury for their verdict find the facts as follows:
[For convenience of expression, the jury, in using the word "defendant" in this verdict, are to be understood as referring to and meaning the defendants named in the summons, other than W. A. Davis and N. A. Gregory and J. T. Yancy, it being admitted that said Davis Gregory have not been served with process and that no complaint has been filed against said Yancey.]
"1. That in the spring of 1891 W. A. Davis and N. A. Gregory contemplated the formation of a corporation to engage in the business of dealing in leaf tobacco in Richmond, Va.
"2. That in June, 1891, at the solicitation of said Davis Gregory, acting through their agent, J. G. Lunsford, the defendants signed a written instrument, which was in substance a subscription for stock in a company to be known as the Davis Gregory Company, to be incorporated under the laws of Virginia, and the business of which was to be that of dealing in leaf tobacco, said instrument containing a stipulation that the liability of the members should be limited to the amount of stock subscribed.
"3. That said subscriptions were made under and in consequence of an agreement between said Davis Gregory on the one hand and the defendants on the other, that the said company should be incorporated, and that the defendants should by the charter be exempted from personal liability; and that Davis Gregory, as (372) a further inducement to said subscriptions, agreed with defendants Cunningham and Adcock to repay them the amounts paid in by them on their subscriptions, with good interest, whenever they might become dissatisfied with their investment; and agreed with the defendants A. J. Hester, L. C. Hester and John Hester to repay the amounts paid in by them on their subscriptions, whenever they might demand such repayment.
"4. That neither Davis nor Gregory nor the defendants agreed or intended that the defendants should in any way become connected with the business of the Davis Gregory Company, except as stockholders in a company to be chartered as aforesaid.
"5. That neither Davis nor Gregory nor any of the defendants *Page 230 
made any attempt to call a meeting of the subscribers for the purpose of considering the formation of the corporation, nor made any attempt whatever to procure a corporate charter until August, 1894, when a corporation was chartered, known as the Davis Gregory Company, in which said Gregory 
Davis were corporators, but none of the defendants were stockholders in said corporation nor had anything to do with its formation.
"6. That in June, 1891, a business (dealing in leaf tobacco) was established and conducted in Richmond by Davis Gregory, under the style of the `Davis Gregory Company,' using stationery with words appearing thereupon as appears on the paper marked `Exhibit A' and made a part of this verdict.
"6 1/2. That said business lost money from the start and throughout its existence.
"7. That the defendants knew a concern of that name was being conducted by Davis Gregory, but believed it to be duly incorporated.
(373) "8. That the amount of stock subscribed for by the defendants was $100 each, on which $50 was paid to Davis 
Gregory at the time of subscribing; that the amounts paid were used by Davis Gregory in the business carried on as the Davis Gregory Company, but the defendants had no knowledge that the money was being used in an unincorporated concern.
"9. That upon payment by the defendants of said amount, receipts were issued to them, a copy of which is made a part of this verdict, marked `Exhibit B'; that no certificates of stock were ever issued to the defendants.
"10. That a few days before Davis Gregory opened the business referred to, they abandoned the plan of organizing the corporation, to the stock of which the defendants had subscribed, and made arrangements with one Simpson to procure money with which to conduct said business.
"10 1/2. That Davis Gregory regarded themselves personally liable to the defendants for the return of the money paid in by them on their subscriptions.
"11. That in July, 1891, the defendant Adcock demanded of Davis 
Gregory the return of his money, and they repaid him at once.
"12. That in September, 1891, the defendant Cunningham went to Richmond and demanded of Davis Gregory his certificate of stock, and was told by them that they had abandoned the idea of effecting an incorporation; that Cunningham then demanded the return of his money, and they promised to refund it, and did so in the spring of 1892, with interest at about 10 per cent. *Page 231 
"13. That in the spring of 1892 W. A. Davis remitted to A. J. Hester (who in all matters herein mentioned acted for himself and as the agent of L. C. Hester and John Hester) $30, to be divided between him and L. C. and John Hester; that this money was accepted by Hester, under the belief that the Davis Gregory (374) Company had been incorporated and that it was a dividend upon the stock.
"14. That Davis Gregory received all commissions made by the Davis 
Gregory Company in handling tobacco, and this money remitted to Hester was paid by Davis out of the commissions so received.
"15. That after receiving said remittances said Hester bought the stock of one Thomas, subscribed for under like conditions, paying $50 therefor.
"16. That about 1 March, 1894, said Hester, for himself and L. C. and John Hester, made a demand upon Davis Gregory for the return of the money paid on subscription; that Davis promised to pay him that fall, stating he was unable to do so then; that at the time of making this demand Hester believed the Davis Gregory Company to be incorporated, and his main reason for making the demand was that his investment was not paying well.
"17. That said Hester never made inquiry as to whether said Davis 
Gregory Company was incorporated until a few days after making said demand, upon suggestion of J. A. Long, a creditor of said company; that Hester then wrote a letter (marked `Exhibit C') to Davis, making inquiry, and received a reply (marked `Exhibit D') assuring him that the money paid in by him had all along been regarded in the nature of a loan; that Hester then allowed his money to remain with Davis Gregory, under the belief that it was a loan, and made no further demand for it until the spring of 1895.
"18. That in the years 1891 and 1892 one Thorpe, while soliciting tobacco for the Davis Gregory Company, in the course of his business, but without the knowledge of the defendants, used the names of J. S. Cunningham and A. J. Hester in speaking to various farmers in the counties of Granville and Person, stating that (375) they were stockholders in the corporation, the said Thorpe believing it was incorporated.
"19. That the defendants were not held out or known in Virginia as being in any way connected with the concern of the Davis Gregory Company.
"20. That apart from the acts and conduct of the defendants above mentioned, the defendants had no connection with the affairs of the Davis 
Gregory Company; that they did not hold themselves out *Page 232 
nor authorize themselves to be held out as partners or as being in any way connected with the business of the Davis Gregory Company, and were not to their knowledge so held out.
"21. That the plaintiffs lived and did business in Richmond, Va.; that they began business dealings with the Davis Gregory Company at its opening.
"22. That the debts sued on were contracted in a course of mutual dealings between the plaintiffs and the Davis Gregory Company, beginning 1 June, 1893, and extending to September, 1894; that in the course of this dealing the balance remained in favor of the Davis Gregory Company till 15 June, 1894, at which date it turned in favor of the plaintiffs.
"23. That during the said dealings, and at the time of contracting the debts sued on, the plaintiffs had no knowledge or information that the defendants were then or had been in any way connected with the business or affairs of the Davis Gregory Company.
"24. That the defendants live in the counties of Person and Granville, North Carolina.
"If upon the foregoing facts the court shall be of the opinion that the defendants or any of them are indebted to the plaintiffs, then the jury so find, and in the sum of $3,095.25, with interest at 6 per cent on $2,596.25 from 25 September, 1894, and on $500 from (376) 29 February, 1895. If the court shall be of opinion that in law the defendants or any of them are not indebted to the plaintiffs, then the jury so find."
Upon the foregoing facts, the court being of opinion that the defendants Cunningham, Adcock, A. J. Hester, L. C. Hester and John Hester were not partners in the Davis Gregory Company and that they are not indebted to the plaintiffs, the jury so find, and answer this issue "No"; and the court, being of opinion that upon said special verdict the plaintiff was not entitled to recover, rendered judgment for the said defendants, and plaintiffs appealed.
The defendants never entered into any partnership with Davis Gregory, nor intended to, but merely subscribed to the capital stock of a proposed corporation. When the incorporation plan failed, the defendants, one after the other, demanded and received back the money they had paid towards the stock of the proposed corporation. If this made the defendants liable asquasi *Page 233 
partners with Davis Gregory (which it is unnecessary to consider), still the defendants all drew out before the debts due the plaintiffs were contracted by Davis Gregory (Hester turning his amount into a loan), and no possible liability could attach to the defendants for such debts. This is not the case where persons hold themselves out as partners, in which event they are liable till notice of their withdrawal is given, upon the ground that they are taken to have induced people to deal with the firm upon the faith of their responsibility. But this, taking the facts in the strongest possible view for the (377) plaintiffs, is the case of dormant partners (if partners at all) who draw out before the liability is incurred by the firm upon which action is brought. In such case no notice need be given of the withdrawal and no liability attaches to those withdrawing. These defendants never held themselves out as partners of Davis Gregory and are not shown to have authorized any agent of that firm to represent them as such. These principles are so plain and applicable that it is unnecessary to consider in detail the multitudinous exceptions of the plaintiffs. We are satisfied that substantial justice has been administered. When the action was brought the plaintiffs must have excepted to prove an entirely different state of facts from that developed by the evidence. Upon the special verdict, judgment was properly rendered in favor of the defendants.
Affirmed.